IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER PHARMA AG, BAYER INTELLECTUAL PROPERTY GMBH and BAYER HEALTHCARE PHARMACEUTICALS INC., <br><br> Plaintiffs, <br><br> v. <br><br> WATSON LABORATORIES INC., et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 12-517 (GMS) ) CONSOLIDATED ) ) ) ) |

## STIPULATION AND ORDER

For the purposes of the above-captioned case, it is hereby STIPULATED AND AGREED, by and between the Parties hereto, subject to the approval of the Court, that:

1. Bayer's definition of a Person of Ordinary Skill in the Art, as set forth in the Expert Report of David Brown, Ph.D., at ¶¶ 20-22, shall be adopted as the operative and correct definition for purposes of this case with respect to U.S. Patent Nos. 6,362,178 ("the '178 patent") and U.S. Patent No. 7,696,206 ("the '206 patent").

2. The Parties agree that the definition of Person of Ordinary Skill in the Art does not include "experience in drug metabolism."

3. The Parties agree that they will not assert that it would have been obvious or non-obvious to make or use an N-ethyl piperazine substituent for any reason relating to metabolism, and will withdraw any trial exhibit, deposition designation or other evidence on which they rely solely for purposes of making such an assertion.

4. Watson will not call its expert witness Paul Ortiz de Montellano, Ph.D. at trial, and will not have its expert witness Clayton Heathcock, Ph.D. offer any opinions or

evidence about the obviousness of making or using an N-ethyl piperazine substituent for any reason relating to metabolism.  Accordingly, Bayer agrees that its responsive expert witness Neal Castagnoli, Jr., Ph.D. will not testify at trial, and that Bayer's expert witnesses David Brown, Ph.D. and Donald Maurice, Ph.D. will not offer any opinions or evidence about the non-obviousness of making or using an N-ethyl piperazine substituent for any reason relating to metabolism.

5.  The Parties recognize that the change in the number of witnesses to be presented at trial, and the change in scope of testimony of other witnesses, will result in schedule changes for the remaining witnesses, several of whom reside overseas.  The Parties agree to work cooperatively in accommodating the schedule of the witnesses affected by the change in the scope of the trial.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | PHILLIPS, GOLDMAN & SPENCE, P.A. |
|---|---|
| /s/ Rodger D. Smith II | /s/ John C. Phillips, Jr. |
| Jack B. Blumenfeld (#1014) | John C. Phillips, Jr. (#110) |
| Rodger D. Smith II (#3778) | Megan C. Haney (#5016) |
| 1201 North Market Street | 1200 North Broom Street |
| P.O. Box 1347 | Wilmington, DE 19806 |
| Wilmington, DE 19899-1347 | (302) 655-4200 |
| (302) 658-9200 | jcp@pgslaw.com |
| jblumenfeld@mnat.com | mch@pgslaw.com |
| rsmith@mnat.com | |
| | *Attorneys for Defendant* |
| *Attorneys for Plaintiffs Bayer Pharma AG,* | *Watson Laboratories, Inc.* |
| *Bayer Intellectual Property GmbH, and* | |
| *Bayer HealthCare Pharmaceuticals, Inc.* | |

April 3, 2015
9050405

SO ORDERED this 6th day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE